■   In the Matter of GEORGE ARENTS et al., Appellants, against THEODORE F. SQUIRES et al., Constituting the Board of Appeals of the Incorporated Village of Southampton, Long Island, et al., Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Board of Appeals of the Incorporated Village of Southampton, which reinstated a certificate of occupancy revoked by the Building Inspector of said village, the appeal is from an order (1) granting respondents' motion to dismiss the petition (Civ. Prac. Act, § 1293), and (2) dismissing the proceeding. Order affirmed, with costs. The term " Club house " as used in the Village Zoning Ordinance is sufficient to include within its scope the bathing and tennis and other facilities on the parcel and the activities conducted thereon. The authority of *Matter of Schroeder* v. *Kreuter* (206 Misc. 198, affd. 284 App. Div. 972, affd. 308 N. Y. 993) is not controlling. In that case the term was intended to be used in a narrow sense. It served as a contrast to the term " club " used in the same ordinance with respect to less restricted residence use districts. Furthermore, the main building or clubhouse on the parcel involved on this appeal, prior to the issuance of the certificate of occupancy consisted in part of bathhouses, a condition not invoked by the inspector as a ground for revocation, and in fact recommended by him as legal. The use of this clubhouse and its accessories encompasses bathing and tennis as well as social activities within the building. Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur; Wenzel, Acting P. J., dissents and votes to reverse the order, to deny respondents' motion, and to grant leave to serve an answer, with the following memorandum: The building permit here was originally granted on a material misrepresentation and therefore could be properly revoked. The question is not whether the tenant, respondent The Southampton Bath and Tennis Club, Inc., was operated for a profit but whether the owner was operating the property for anticipated profit. Nor is it important that such profit was not realized.